IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BENJAMIN F. SHIPLEY, JR. PETITIONER

V. Civil No. 07-2051
Criminal No. 97-20005

UNITED STATES OF AMERICA RESPONDENT

O R D E R

On this 12th day of December 2007, there comes on for consideration the report and recommendation (Doc. 37) filed in this case on August 1, 2007 by the Honorable James R. Marschewski, United States Magistrate for the Western District of Arkansas, finding Petitioner's motion to vacate sentence under U.S.C. § 2255 (Doc. 31) untimely. Petitioner filed written objections (Doc. 39) to the report. Petitioner also filed a Motion to Provide Documents to Movant (Doc. 40) and a Motion to Provide Requested Records and Certified Data (Doc. 41), which raise the issue of Petitioner's access to certain documents from his criminal case file. The court has reviewed this case *de novo* and, being well and sufficiently advised, finds, for reasons reflected below, that the report and recommendation is proper and should be and hereby is adopted in its entirety and incorporated hereunder and that each of Petitioner's motions should be DENIED.

Petitioner's § 2255 motion is based on an alleged violation of the Speedy Trial Act of 1974, found at 18 U.S.C. §§ 3161-

3174, and the constitutional right to effective assistance of counsel as articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). The Magistrate Judge correctly determined that Petitioner's motion is untimely. Section 2255 contains a one-year time limitation on filing of motions that may run from certain events, two of which, at issue here, are the conviction of a defendant or the adoption of a newly-recognized right by the United States Supreme Court, which is made retroactively applicable to cases on collateral review. Plaintiff filed his motion some 10 years after his conviction, contending the time period began to run for purposes of his motion when the Supreme Court decided *Zedner v. U.S.*, 126 S. Ct. 1976, 164 L. Ed. 2d 749 (2006). However, *Zedner* does not create a right assertable on the facts of Petitioner's case or retroactively applicable on collateral review. Thus, Petitioner's motion is untimely, and Petitioner may not at this late date challenge his conviction under the Speedy Trial Act or *Strickland* for constitutional violations. Further, as found by the Magistrate, because arguments available but not raised on direct appeal are considered procedurally defaulted, *Hall v. Luebbers*, 296 F.3d 685, 699 (8th Cir. 2002), and because Petitioner is unable to raise an argument unavailable at the time of his appeal, any argument Petitioner might raise in the current proceeding must be considered procedurally defaulted.



AO72A
(Rev. 8/82)

Petitioner raises five objections to the Magistrate's report and recommendation, which, in the event that Petitioner's motion was timely, the Court would nevertheless find to be without merit.

First, Petitioner contends the Magistrate's report should be stricken because Petitioner was not provided with a deadline to reply to the Government's response to Petitioner's motion. Petitioner cites Rule 5(d) of the Rules Governing Section 2255 Proceedings and Federal Rule Of Civil Procedure 12(a)(2). (Doc. 39 p. 1.) However, § 2255 petitioners are not prejudiced by denial of an opportunity to file replies when courts do not solicit such replies, grant leave to file such replies or find additional argument necessary to dispose § 2255 motions. *See, e.g., Arias v. U.S.*, 2007 WL 2119050, *1 (July 20, 2007). Rule 12(a)(2) prescribes a 20-day period for filing answers to cross-claims and counterclaims and is inapplicable to the current proceeding. Thus, Petitioners arguments under these rules are unavailing.

Second, Petitioner contends the Magistrate, in assessing the timeliness of Petitioner's motion, errs by failing to distinguish between "newly recognized rights available under an original § 2255 motion" and "new constitutional rules available only pursuant to second or successive 2255 motions," which are addressed in separate provisions of § 2255. (Doc. 39 p. 4.)



AO72A
(Rev. 8/82)

Petitioner's § 2255 motion is his first in these proceedings, implicating only the former provision of § 2255, which, as described above, the Court finds cannot be applied to conclude that Petitioner's motion is timely due to the *Zedner* decision.

Third, Petitioner contends the Magistrate commits a *non sequitur* by "Finding Movant's Claim Fully Available To Him At The Time For Taking A Direct Appeal, But Unavailable To His Then-Counsel Under Then-Existing Case Law." (Doc. 39 p. 4.) In finding that any claims Petitioner might have are procedurally defaulted because they were not raised on direct appeal, the Magistrate observes "[a]ny argument that a Speedy Trial Act violation occurred in Shipley's case was available to Shipley on direct appeal . . . ." (Doc. 37 p. 5.) In finding that Petitioner's counsel was not ineffective, the Magistrate observes there is "no evidence which indicates that there was any meritorious Speedy Trial Act issue upon which defense counsel could have legitimately pursued relief under the case law as it existed at the time of Petitioner's conviction, sentence, and direct appeal." (Doc. 37 p. 6.) These findings are not mutually exclusive, although the Court appreciates Petitioner's confusion on the point. Petitioner errs in claiming both that he has a newly-recognized right under *Zedner* that results in a Speedy Trial Act violation in his case and that his trial counsel failed to make an argument based on such



AO72A
(Rev. 8/82)

a right before *Zedner* was decided. Petitioner claims new Speedy Trial Act rights under *Zedner* for purposes of establishing the timeliness of his motion but long-established Speedy Trial Act rights for purposes of alleging ineffectiveness of counsel. In light of that paradigm, the Magistrate did not err in determining that because Petitioner has no new argument based on newly-recognized rights under *Zedner*, his claims are untimely *and* whatever arguments he might have, based on rights established by the Speedy Trial Act prior to *Zedner*, are procedurally defaulted as they were not raised on direct appeal.

Fourth, Petitioner contends the Magistrate made a determination of prejudice, but such a determination is prohibited by the Speedy Trial Act prior to a dismissal for violation of the Act. Petitioner conflates the notions of "prejudice," as used under *Strickland*, to determine whether a constitutional violation has resulted from ineffective assistance of counsel and "prejudice," as used under the Speedy Trial Act, which requires courts, in dismissing a case for violation of the Act, to determine whether such dismissal should be with or without prejudice. The Magistrate held that Petitioner was not prejudiced by the performance of his counsel. As Petitioner's sentence was not vacated, the Magistrate did not, and did not have occasion to, make a determination under the Act as to whether a dismissal should be with prejudice.



AO72A
(Rev. 8/82)

Fifth, Petitioner reasserts the argument from his § 2255 motion that a Speedy Trial Act violation occurred, adding that the Magistrate erred by not applying the plain language of the Act, which requires indictments to be filed within 30 days from the date of arrest. Petitioner was arrested on February 12, 1997 and indicted by grand jury on April 2, 1997. However, the Magistrate correctly found both that Petitioner's motion raising that issue is untimely and that the issue would nevertheless be resolved against Petitioner pursuant to a provision of the Act that permits delay where a grand jury does not convene within the 30-day time period. 18 U.S.C. § 3161(b).

Accordingly, Petitioner's objections are without merit and would be overruled if Petitioner's motion was timely.

Petitioner's motions for provision of documents are likewise without merit. Petitioner motioned the Court to provide him with copies of the criminal complaint filed against him, the arrest warrant, the arrest warrant returned executed and the "cover page" showing the exact time of the grand jury adjournment. The Clerk of Court informed Petitioner that he must pay a fee of $10.50 to receive those documents, and Petitioner filed a motion requesting the fee waived. However, 28 U.S.C. § 753(f) requires that a court certify an appeal as non-frivolous and requested documents as necessary to the resolution of the appeal before the United States must absorb



AO72A
(Rev. 8/82)

the cost of furnishing a § 2255 movant with transcripts. That provision has been interpreted to include documents from criminal case files other than transcripts. *See U.S. v. Coppola*, 2007 WL 186653, *1 (Jan. 22, 2007). The Court finds provision of such documents in the current case, where Petitioner's claims are time-barred and frivolous, to be unnecessary.

Accordingly, each of Petitioner's motions (Docs. 40, 41) are DENIED and Petitioner's 28 U.S.C. § 2255 petition is hereby DENIED as untimely and DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

*/s/ Robert T. Dawson*
Honorable Robert T. Dawson
United States District Judge