IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES                                                    PLAINTIFF/RESPONDENT

V.                       No.  2:97-CR-20005

BENJAMIN F. SHIPLEY, JR.                                         DEFENDANT/PETITIONER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Complete the Exercise of This Court's Jurisdiction (ECF No. 44) filed October 24, 2013.  The court did not order the United States of America to file a Response.

### I.  Background

On February 10, 1997, the petitioner, Benjamin Shipley, robbed the Bank of Mulberry, Mulberry, Arkansas. The Petitioner was arrested by the Crawford County Sheriff's Office on February 10, 1997 on the charges of Attempted Murder in the First Degree, Aggravated Robbery, and Aggravated Assault. (ECF No. 31, Attachment 1) Subsequently, on February 12, 1997, a federal criminal complaint was filed and warrant for arrest was issued for Shipley, in connection with Bank of Mulberry robbery. (ECF No. 1-2) The Petitioner was arrested on February 12, 1997 (ECF No. 2)and Initially Appeared before the Magistrate Judge on February 13, 1997. (ECF No. 3)

On April 2, 1997, the Grand Jury returned an Indictment charging Shipley with armed bank robbery in violation of 18 U.S.C. § 2113(d). (ECF No. 7) Subsequently, on April 15, 1997, the United States filed an information pursuant to 18 U.S.C. § 3559(c)(4) to give notice that it

Page -1-

intended to seek an enhanced sentence of life imprisonment pursuant to 18 U.S.C. §3559(c)(1)(A)(I). ( ECF No. 10) On April 25, 1997, Shipley pled guilty. (ECF No. 15) On July 28, 1997, Shipley was sentenced by the late Honorable H. Franklin Waters, Chief United States District Judge for the Western District of Arkansas, to life imprisonment without parole, 5 years supervised release (in the event that he were to be released at any point), and a $100 special assessment. (ECF No. 17)

Shipley appealed his conviction and sentence, arguing that 18 U.S.C. § 3559(c)(1)(A)(I) violated his Fifth Amendment rights to equal protection and due process, as well as his Eighth Amendment right to be free from cruel and unusual punishment. On February 12, 1998, the Eighth Circuit issued its Mandate affirming Shipley's conviction and sentence. See U.S. v. Shipley 62 F. 3d, 1442 (1995); (ECF No. 29).

Shipley did not file any Motion pursuant to 28 U.S.C. § 2255 (or any other motion collaterally attacking his conviction and/or sentence) until June 5, 2007,  (ECF No.  31) contending that he was entitled to sentencing relief, arguing that a violation of the Speedy Trial Act of 1974 occurred in his case pursuant to the Supreme Court's recent construction of the Speedy Trial Act in *Zedner v. United States*, __ U.S. __, 126 S.Ct. 1976, 164 L.Ed.2d 749 (June 5, 2006).

A Report and Recommendation was entered on August 1, 2007 recommending that the Motion be Denied (ECF No. 39) and the court entered an Order Adopting Report and Recommendation on December 12, 2007. (ECF No. 43).  The case has remained dormant for almost six years until the Defendant filed the current Motion.

## II.  Discussion

**A. Pleading Construction:**

Pro se filings are to be construed liberally, *Mellott v. Purkett*, 63 F.3d 781, 784 n. 4 (8th Cir.1995), and, while the Pleading is titled a "Motion to Complete the Exercise of This Court's Jurisdiction", the court has to look to the body of the Motion and the Brief to determine the substance of the Motion.

The Defendant's Motion states in part as follows:

> the procedural question herein (i.e., Is a motion to vacate pursuant to 28 U.S.C. § 2255 statutorily precluded from raising the merits claim?), and the merits question (i.e., Was the statutorily designated court held at the statutorily designated place wherein an enforceable judgment/sentence was imposed?), turn upon the same set of facts and legal question (i.e., Did Shipley's Change of Plea and Sentencing Proceedings take place before this Court?).  (ECF No. 44, p. 2).

The essence of the Defendant's argument is that his criminal offense occurred in Crawford County, Arkansas which is in the Fort Smith Division of the Western District of Arkansas, and he entered his plea of guilty in the Fayetteville Division of the Western District of Arkansas.  He contends that this rendered his plea "void ab initio". (Id.).

28 U.S.C. §2255 provides in part that  "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C.A. § 2255.  Because the Defendant is contending that the court was without jurisdiction to sentence him in Fayetteville his motion must be considered as a motion under 28 U.S.C. §2255(a).

**B.  28 U.S.C. §2255 limitation**:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C.A. § 2255(h).

The Defendant is not contending that there is a new rule of constitutional law or that a fact exist that would have proven his innocence.  His contention is that the court was without jurisdiction to accept his plea in any federal district other than the one in which the criminal act occurred.

The Defendant filed a motion under 28 U.S.C. §2255 on June 7, 2007 (ECF No. 31) which was dismissed by the court on December 12, 2007 (ECF No. 43).  Since this is the Defendant's second motion under 2255 he must seek the permission of the 8th Circuit Court of Appeals to file his motion.

**C.  Second or Successive Motion**

The Defendant has asserted that his motion is not a second or successive motion but his argument is without merit.

Here the Defendant's claim of lack of jurisdiction had arisen prior to his first motion under 2255. See *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir.2003) (en banc) ("[A] habeas petition raising a claim that had not arisen at the time of a previous petition is not barred by §

2244(b) or as an abuse of the writ."), cert. denied 540 U.S. 832, 124 S.Ct. 74, 157 L.Ed.2d 59 (2003).

The Defendant is not challenging the execution of the sentence but he is challenging its validity.  See *Chambers v. United States*, 106 F.3d 472, 474 (2nd Cir.1997) ("a petition asserting a claim to relief available under 28 U.S.C. § 2255 is not a 'second or successive' application where the prior petition(s) sought relief available only under 28 U.S.C. § 2241"). See *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir.2002) ("A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court.").

Since the Defendant is attacking the validity of his sentence and not the execution it is second or successive motion and he must first obtain permission from the 8th Circuit Court of Appeals.

**D.  Substantive Argument without Merit:**

Even if the court were to consider the Defendant's claim of lack of jurisdiction his claim is without merit. The Defendant was charged with bank robbery which occurred within the Western District of Arkansas. *See, i.e. United States v. Trotter*, 478 F.3d 918, 920 at fn.2 (8th Cir. 2007) (noting that where a defendant is charged with an offense against the laws of the United States, the federal court clearly has jurisdiction, citing 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction ... of all offenses against the laws of the United States."))

The Defendant is confusing jurisdiction with venue.  Since the offense took place in the Western District of Arkansas the court did have jurisdiction but the venue for trial would have

been the Fort Smith Division if it had gone to trial. When petitioner appeared with counsel and intelligently entered a plea of guilty, he waived all nonjurisdictional irregularities including venue. This precise question arose in the case of *Bistram v. United States* (C.A.8 1958), 253 F.2d 610. *See also Potter v. U.S.* 304 F.2d 664, 665 (C.A.Mo. 1962).

### III.  Conclusion

Based upon the forgoing I recommend that the instant Motion to Complete the Exercise of This Court's Jurisdiction (ECF No. 44) which the court is construing as a motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The Defendant has fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of his right to appeal questions of fact.  The Defendant is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED December 5, 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE